JOEL PYLE v. FRANCES H. PYLE.

182 So. 782.
Opinion Filed July 6, 1938.
Rehearing Denied July 28, 1938.

*G. H. Martin,* for Appellant;
*Julian E. Ross,* for Appellee.

PER CURIAM.—The appeal is from decree granting separate maintenance, solicitor's fees and court costs to wife who sued for divorce or, in the alternative, for separate maintenance, which decree is as follows:

"This cause comes on to be heard upon the Bill of Complaint, the Answer of the Defendant thereto, and the testimony and proofs adduced at the hearing before the Court and transcribed and filed by the official Court Reporter, and the argument of Counsel thereon, and the Court being fully advised in the premises, and being of the opinion that the grounds of divorce alleged were not sufficiently proven and corroborated by the evidence, it is

"THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED BY THE COURT, that a divorce *a vinculo matrimonii* upon the grounds alleged in the Bill of Complaint is denied but that Plaintiff ha's proven by the evidence her right to a decree for separate maintenance.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that the Plaintiff is hereby awarded a decree for separate maintenance and alimony, and the defendant, Joel E. Pyle, hereby ordered and commanded by the Court

to pay unto the Plaintiff, Frances H. Pyle, as alimony and separate maintenance the sum of $7.50 per week, payable on each and every Saturday after the date of this Decree, and the defendant is directed to pay such amount to defendant by some convenient mode of payment and at a place to be agreed upon between the parties, and until further instructed, at Defendant's place of employment.

"FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT, that the Defendant shall pay costs of this proceeding including court costs. Sheriff's service charges, witness fees paid by plaintiff, and Court Reporter's charges, together with the further sum of $100.00 as Solicitor's fees for the Solicitor of Record for Plaintiff herein; all of such payments to be made by paying to Plaintiff's Solicitor of Record the total amount of such sums at his office, payable at the rate of $25.00 per month, the first payment to be made February 1, 1938.

"FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the care, custody and control of the minor children of said marriage, to-wit: Joel F. Pyle, now age eight years, and Elizabeth M. Pyle, now age six years, shall until further order of the Court be as follows:

"(A) During the months in which the children shall be in school, the Defendant shall have the care, custody and control of the children all the week, except from 8 o'clock P. M. on Friday until 11 o'clock A. M. on Saturday, and from 8 o'clock P. M. on Saturday until 9:30 A. M. on Sunday, during which period Plaintiff shall have custody and control of said children; and in addition Plaintiff shall have the right to visit with said children and see them between 3 o'clock P. M. and 4:30 P. M. on any of the week days.

"(b) During the months of school vacation the Plaintiff shall have the absolute custody and control of said chil-

dren for the entire period, proided Plaintiff is not working, and the Defendant shall have the right to the custody and control of said children from 8 o'clock P. M. on Friday until 11 o'clock A. M. on Saturday and from 8 o'clock P. M. on Saturday until 9:30 A. M. on Sunday. and shall have the right to visit with said children and see them between 3 o'clock P. M. and 4:30 P. M. on any of the week days. During the months of school vacation when the children are with the Plaintiff as above set out,. Defendant shall pay to Plaintiff on Saturday of each week the sum of $10.00 per week as support and maintenance of said minor children, which sum shall be in addition to the sum above mentioned.

"(c)   For the welfare and best interest of the children, Plaintiff and Defendant may agree for modification of the periods of custody and control from time to time, and make amicable arrangements as to the custody and control of the children from time to time.

"(d)   Said children are not to be taken beyond the limits of the State of Florida, without the permission of the Court, or the consent of the other party.

"FURTHER ORDERED that this Court retains jurisdiction of this cause for modification or changing the terms and conditions of this decree, or changing the custody and control of said children."

The sole question which we are required to determine is whether or not there is in the record substantial evidence to support the decree.

An examination of the transcript discloses that the evidence is conflicting, but there is found therein substantial legal evidence to support the findings and decree of the Chancellor.   As we cannot say on the entire record that the decree is clearly erroneous, we must affirm the same.

So ordered.

Affirmed.

WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.